**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dale Stewart,
    Petitioner

vs                                                      Case No. 1:03cv201
                                                           (Weber, Sr.J.; Hogan, M.J.)

James Erwin,
    Respondent

**REPORT AND RECOMMENDATION**

      Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, brings this action through counsel for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's return of writ, and petitioner's traverse. (Docs. 1, 5, 6).

**Procedural Background**

      On August 15, 2000, the prosecuting attorney for Butler County, Ohio, by way of a Bill of Information charged petitioner with two counts of sexual battery as defined in Ohio Rev. Code § 2907.03(A)(9). (Doc. 5, Ex. A). At his arraignment, petitioner pled guilty to both counts. (Doc. 5, Exs. B, C). The trial court sentenced petitioner to consecutive terms of four years on each count, fined him $10,000 and adjudged him a Sexually Oriented Offender. (*Id.* Exs. D, E).

      With the assistance of counsel, petitioner filed a timely appeal to the Ohio

Court of Appeals, challenging the imposition of a sentence greater than the minimum term. (Doc. 5 at 2). On June 25, 2001, the Ohio Court of Appeals determined that the trial court failed to specify the basis for his sentence and remanded the matter back to the trial court for resentencing. (Doc. 5, Ex. G).

Before resentencing, petitioner subpoenaed the Butler County Probation Department to provide him with Presentence Investigation Reports for all sexual battery cases prepared in the past five years and the victim impact statements filed in the instant case. (Doc. 5, Ex. I). The trial court granted the state's motion to quash the subpoena. (*Id.*, Tr. 13-14).

On August 16, 2001, the trial court re-sentenced petitioner to the term he originally imposed. (Doc. 5, Exs. H, I). On September 14, 2001, petitioner through counsel appealed his sentence to the Ohio Court of Appeals arguing that the trial court erred in imposing consecutive sentences and in failing to provide him with the victim impact statements. (*Id.*, Ex. K). On August 12, 2002, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (*Id.*, Ex. M). Petitioner also filed a motion to certify conflict which the Ohio Court of Appeals denied. (*Id.*, Exs. N, O).

Petitioner timely appealed to the Supreme Court of Ohio, raising the following claims:

> Proposition of Law No. 1: The Due Process Clause of the Federal Constitution is violated where Appellant was denied the opportunity to read and rebut relied upon sentencing evidence contained in victim impact statements.
>
> Proposition of Law No. 2: The Equal Protection Clause of the Federal Constitution is violated by the classification created between R.C. Sections 2930.13 and 2947.051 whereby some defendants receive sentencing information, and others are deprived of that information.

(Doc. 5, Ex. R). On January 15, 2003, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. (*Id.,* Ex. T).

Petitioner unsuccessfully pursued post-conviction relief with the state trial court, arguing that he was deprived of the victim impact statements in violation of

2

his constitutional rights. (Doc. 1, p. 9). His further appeal to the Ohio Court of Appeals resulted in a March 17, 2003 ruling finding his case barred by the doctrine of *res judicata* because the appellate court had considered the issues on direct appeal. (Doc. 5, Ex. X).

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising the following grounds for relief :

> **GROUND ONE:** The Due Process Clause of the Fourteenth Amendment was violated where Stewart was denied the opportunity to read and rebut sentencing evidence relied upon by the Sentencing Court that was contained in victim impact statement.
>
> **GROUND TWO:** The Equal Protection [Clause] of the Fourteenth Amendment was violated by the classification created between R.C. §§2930.13 and 2947.051, whereby some defendants receive sentencing information, and others are deprived of that information.

(Doc. 1, Habeas Petition).

In the return of writ, respondent argues that petitioner's claims are non-cognizable state law issues and in any event, lack merit. (Doc. 5).

## OPINION

**Petitioner's claims, asserted as grounds one and two of the petition, that he was denied both due process and equal protection of the law by the trial court's failure to disclose victim impact statements at sentencing do not entitle him to habeas corpus relief.**

As his first ground for relief, petitioner argues that he was deprived of due process of law during sentencing when the trial judge failed to disclose the victim impacts statements.

The Ohio Court of Appeals made the following factual findings with

3

respect to the offenses, which are presumed correct:[1]

> The [sexual battery] charges stemmed from a continuing course of conduct that lasted at least three years during which appellant allegedly engaged in sexual conduct with two teenage boys (ages 14 and 15), which included oral sex and masturbation. At the time of the offenses, appellant, a former law enforcement officer, was a civilian employee with the Butler County Sheriff's Department and an assistant advisor with the Eagle Scout's Explorers Post program. The two victims were participants in the Eagle Scout program.

(Doc. 5, Ex. M at 2). At the hearing on the state's motion to quash the subpoena to produce the victim impact statements, the trial court ruled in the state's favor because the victims expressed a fear of retaliation by petitioner and the judge felt that the victims had suffered enough emotional trauma at the hands of petitioner. (Doc. 5, Ex. I at 12).

Ohio Rev. Code § 2947.051(A) requires the trial court to consider the victim impact statement in a felony sentencing. While the state statute identifies the statement as confidential and not a public record, the statute further indicates that "the court *may* furnish copies of the statement to both the defendant or the defendant's counsel and the prosecuting attorney." [emphasis added]. Ohio Rev. Code § 2947.051 (C).

If the victim impact statement is included in the presentence investigation report (PSI), Ohio Rev. Code § 2951.03 applies. That statute makes it mandatory for the judge to allow the defendant or his counsel to read the PSI, except for:

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Petitioner has not cited or presented any evidence to rebut the Ohio Court of Appeals' factual findings quoted herein. Therefore, petitioner has not demonstrated by clear and convincing evidence that such findings are erroneous.

4

>    (a) Any recommendation as to sentence;
>
>    (b) Any diagnostic opinions that, if disclosed, the court believes might seriously disrupt a program of rehabilitation for the defendant;
>
>    (c) Any sources of information obtained upon a promise of confidentiality;
>
>    (d) Any other information that, if disclosed, the court believes might result in physical harm or some other type of harm to the defendant or to any other person.

Ohio Rev. Code § 2951.03(B)(1). Ohio law further provides:

> If the court believes that any information in the presentence investigation report should not be disclosed pursuant to division (B)(1) of this section, the court, in lieu of making the report or any part of the report available, shall state orally or in writing a summary of the factual information contained in the report that will be relied upon in determining the defendant's sentence.

Ohio Rev. Code § 2951.03(B)(3).

In addressing petitioner's due process claim, the Ohio Court of Appeals determined that"[i]n light of the trial court's sound discretion as expressly granted by R.C. 2947.051 and based upon the record before us, we find no violation of due process." (Doc. 5, Ex. M at 4).

"[I]t is now clear that the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause." *Gardner v. Florida,* 430 U.S. 349, 358 (1977). In a capital case, a defendant is denied due process if he is sentenced to death on the basis of information in a PSI report that he had no opportunity to deny or explain. *Id.* at 360. Due process is violated in a non-capital case, if sentencing is based on erroneous information. *See United States v. Tucker,* 404 U.S. 443 (1972); *Townsend v. Burke,* 334 U.S. 736 (1948). However, the United States Supreme Court has not addressed the issue of whether a non-capital defendant is constitutionally

entitled to disclosure of presentence information. *See United States v. Curran,* 926 F.2d 59, 61-62 (1st Cir. 1991) ("[I]t is less clear that due process compels an opportunity to inspect or challenge the information to be relied upon by the sentencing court."); *United States v. Berzon,* 941 F.2d 8, 19 n. 17 (1st Cir. 1991); *State v. Roberson,* 752 N.E.2d 984, 987 (Ohio Ct. App. 2001) (describing as "unclear" whether *Gardner* applies to non-death penalty cases); Lewis R. Katz, et al., Baldwin's Ohio Handbook Series, Criminal Law, § 1115:7 (2005). *But cf. United States v. Hayes,* 171 F.3d 389, 392 (6th Cir. 1999)(disagreeing with conclusion of First Circuit in *Curran* that failure to disclose victim letters did not violate due process). Any assumption that the *Gardner* decision applies to non-death cases would be inappropriate because "death is a different kind of punishment from any other which may be imposed." *Gardner,* 430 U.S. at 355; *see United States v. Woody,* 567 F.2d 1353, 1357n.8 (5th Cir.), *cert. denied,* 436 U.S. 908 (1978); *Cf. Peakes v. Spitzer,* No. 04 Civ. 1342(RMB)(AJ), 2004 WL 1366056, at *13 (S.D.N.Y. June 16, 2004), *report and recommendation adopted*, No. 04CIV. 1342(RMBA-JP), 2004 WL 1656568 (S.D.N.Y. July 23, 2004).

The Sixth Circuit has held that victim letters used in sentencing should be provided to defendants because the right to review them is "implicit" in Rule 32 of the Federal Rules of Criminal Procedure which pertains to the disclosure of the PSI. *Hayes,* 171 F.3d at 392; *see United States v. Meeker,* No. 03-1873, 2005 WL 1413131 at *4 (6th Cir. June 17, 2005). According to the Court, Rule 32 "protects the right to due process by requiring disclosure of most information relied upon at sentencing." *Hayes,* 171 F.3d at 392.

Under the standard established by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified principally at 28 U.S.C. § 2254 (d), petitioner is not entitled to federal habeas corpus relief, unless the state court's adjudication of his claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 402-03 (2000) (O'Connor, J., writing for majority on this issue); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied,* 522 U.S. 1112 (1998). A state court decision is "contrary to"

clearly established federal law as determined by the Supreme Court under § 2254(d)(1) if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams,* 529 U.S. at 405-06 (O'Connor, J.); *Harris,* 212 F.3d at 942.

An "unreasonable application" of Supreme Court precedent occurs (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 407-08 (O'Connor, J.). A federal habeas corpus court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411 (O'Connor, J.); *see also McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000); *Harris,* 212 F.3d at 942. The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Williams,* 529 U.S. at 409-10 (O'Connor, J.); *see also Washington v. Hofbauer,* 228 F.3d 689, 698 (6th Cir. 2000); *Harris,* 212 F.3d at 942-43. Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee,* 229 F.3d at 510, 512 (citing *Williams,* 529 U.S. at 412).

Because the United States Supreme Court has not clearly established the principle of full disclosure in sentencing as it pertains to non-death penalty cases, petitioner has not demonstrated that the decision of the Ohio Court of Appeals was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.

In order to merit habeas corpus relief, a petitioner must not only show that the state court failed properly to apply clearly established Supreme Court law, but also that the error had a substantial and injurious effect on the sentencing decision. *See Calderon v. Coleman,* 525 U.S. 141, 145 (1998)

7

(per curiam) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993) (which adopted the standard of review enunciated in *Kotteakos v. United States,* 328 U.S. 750 (1946), for federal habeas review of state convictions)). Under *Brecht,* if the court is convinced upon review of the entire record that the error did not influence the sentencing decision or had but slight effect, the sentence must stand. *See Kotteakos,* 328 U.S. at 764; *see also Barker v. Yukins,* 199 F.3d 867, 874 (citing *O'Neal v. McAninch,* 513 U.S. 432, 435-38 (1995)), *cert. denied,* 530 U.S. 1229 (2000). On the other hand, if the court "is left in grave doubt," the court must find that the error had substantial influence on the sentence and cannot stand. *Kotteakos,* 328 U.S. at 765; *see also O'Neal,* 513 U.S. at 436; *Barker,* 199 F.3d at 873-74.

The *Brecht* harmless error analysis applies to sentencing errors. *See, e.g., Sanders v. Woodford,* 373 F.3d 1054, 1060 (9th Cir. 2004), *cert. granted in part*, 125 S.Ct. 1700 (2005); *Thomas v. Small,* 36 Fed.Appx.889, 2002 WL 465108 (9th Cir. March 4, 2002), *cert. denied,* 537 U.S. 1121 (2003).

Assuming, *arguendo,* that the state trial court erred in this case, the court's failure to provide the victim impact statements to the defense was harmless error under *Brecht* because while the judge considered the statements, "the facts ultimately relied upon by the trial court in sentencing [petitioner] were otherwise reflected in the psychological evaluations and the PSI" which petitioner had received. (Doc. 5, Ex. M at 9). *Cf. Meeker*, 2005 WL 1413131 at *4 (no prejudice shown where victim letters withheld but defendant aware of financial and emotional harm experienced by victims from other parts of the record); *United States v. Patrick*, 988 F.2d 641, 648 (6th Cir.) (court's reliance on extra-record information harmless because information was cumulative of evidence in record), *cert. denied,* 510 U.S. 845 (1993) .

In sum, with respect to his first ground, petitioner has not met the AEDPA standard for relief nor has he shown that the alleged error was anything but harmless error under *Brecht*.

As his second assignment of error, petitioner argues that the Ohio statutes pertaining to the victim impact statements violate the Equal Protection Clause by creating two classes of defendants: 1) those that receive the victim impact statements, at minimum in summary form, when such

statements are included in the PSI pursuant to Ohio Rev. Code § 2951.03 and 2) those that do not receive the statements when they are not part of the PSI and the judge determines in his discretion not to provide the statements pursuant to Ohio Rev. Code § 2947.051.

The Ohio Court of Appeals, in this case, disputes petitioner's interpretation of the statutes. The Court held that a victim statement originally included in the PSI, but later redacted pursuant to Ohio Rev. Code §2951.03(B)(1) for the reason that it would harm others or was obtained upon a promise of confidentiality, would not be subject to the statute's requirement of summary disclosure. *But cf. United States v. Woody,* 567 F.2d 1353, 1357 n. 8, 1359 (5th Cir.) (under Fed. R. Crim. P. 32, information withheld pursuant to exclusions must be disclosed in summary form), *cert. denied,* 436 U.S. 908 (1978). The Court declined to find that the victim statement constitutes "factual information" not disclosed which must be made available to defendant in summary form pursuant to Ohio Rev. Code § 2951.03(B)(3). (Doc. 5, Ex. M at 6). The Ohio court concluded that "just because a victim impact statement is included in a PSI does not mean that a defendant will have access to it." *Id.* at 7.

The Equal Protection Clause "protects against arbitrary classifications, and requires that similarly situated persons be treated equally." *Richland Bookman, Inc. v. Nichols,* 278 F.3d 570, 574 (6th Cir.), *cert. denied,* 537 U.S. 823 (2002). "Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage" the constitutionality of the law at issue is presumed and "require[s] only that the classification challenged be rationally related to a legitimate state interest." *City of New Orleans v. Dukes,* 427 U.S. 297, 303 (1976). Petitioner argues that Ohio law creates two classes, defendants entitled to the victim statements which are incorporated into the PSI and defendants who are not so entitled because the statements stand alone. The Ohio Court of Appeals does not interpret the statute as petitioner describes, instead finding that defendants may not be entitled to the victim statements whether or not they are part of the PSI. On federal habeas corpus review, this Court must defer to the state court's interpretation of state law. *See Parker v. Scott,* 394 F.3d 1302, 1319 (10th Cir. 2005); *Johnson v. Coyle,* 200 F.3d 987, 993 (6th Cir. 2000). Because Ohio law, as interpreted by the Ohio Court of Appeals, does not in fact draw the distinction that petitioner alleges, petitioner's equal

9

protection claim lacks merit.

Accordingly, the conclusion of the Ohio Court of Appeals finding no constitutional infirmity on equal protection grounds in Ohio Rev. Code § 2930.13(B) and 2947.051(C) is a reasonable application of Supreme Court caselaw and a reasonable application of the facts in this case.  Petitioner is not entitled to habeas corpus relief with respect to his second ground for relief.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2.  A certificate of appealability should issue with respect to petitioner's due process claim alleged in Ground One because reasonable jurists could debate whether this claim should have been resolved in a different manner and, alternatively, whether the issue presented in this ground for relief is "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). A certificate of appealability should not issue with respect to petitioner's equal protection claim asserted as his second ground for relief because petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Petitioner has not shown that reasonable jurists could debate whether this claim should have been resolved in a different manner or that the issue presented was "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 323-324 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

3.   With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith," and therefore GRANT petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  7/11/2005                             s/Timothy S. Hogan

    hr                                                    Timothy S. Hogan
                                                         United States Magistrate Judge

J:\ROSENBEH\2254(2005)\03-201psi.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Dale Stewart,
    Petitioner

vs                              Case No. 1:03cv201
                                     (Weber, Sr.J.; Hogan, M.J.)

James Erwin,
    Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).